**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JIMANTE TAYLOR,**

     Plaintiff,

v.                                    Civil Action No. **3:25CV507 (RCY)**

**SGT. LOCKHART,**

     Defendant.

**MEMORANDUM OPINION**

Jimante Taylor, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]   The matter is before the Court for evaluation of the Particularized Complaint (ECF No. 8) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.[2]   For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

**I.  PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.   The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the

---

[1] The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system.   The Court corrects the spelling, punctuation, and capitalization in the quotations from Taylor's submissions.

"factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

The Court directed Taylor to particularize his complaint because his allegations failed to provide each defendant with fair notice of the facts and law upon which his or her liability rests. *See* Order, ECF No. 7. Nevertheless, as recounted below, in the Particularized Complaint, Taylor fails to state a viable claim.

In his Particularized Complaint, Taylor lists Sgt. Lockhart as the only Defendant. Compl. 1, ECF No. 8. Taylor then provides the following allegations to support his claim:

> In February of 2025, I was enrolled in the RISE Program. There was a Covid-19 outbreak in Pod 5A of the RISE Program. I began feeling sick and lost my sense of taste and smell. I asked if it was possible to see the nurse to receive a Covid-19 test. In asking the deputy on duty informed Sgt. Lockhart that several of us inmates were requesting Covid-19 testing to be administered on us. A lot of us, including myself, had multiple Covid-19 symptoms. Sgt. Lockhart came into the Pod(5A) and stated anyone who took a Covid test and it was negative would receive a charge and be removed from the RISE Program. I continued to feel sick and never received treatment.

*Id.* at 4.

3

## III.  ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Taylor's theories for relief.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Because Taylor was incarcerated at a regional jail at the time of the events described in the Particularized Complaint, he was likely a pretrial detainee.  Consequently, the Fourteenth Amendment, not the Eighth Amendment, governs his claims.  *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).  The Due Process Clause of the Fourteenth Amendment "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'"  *Short v. Hartman*, 87 F.4th 593, 608–09 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).  A pretrial detainee may "state a claim under the Fourteenth Amendment, based on a purely objective standard, for prison officials' deliberate indifference to excessive risks of harm."  *Id.* at 604–05.

The Fourth Circuit has stated that:

> To state a claim for deliberate indifference to a medical need, the specific type of deliberate indifference claim at issue in this case, a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

4

*Short*, 87 F.4th at 611.  Taylor fails to satisfy these factors.  *See Wingfield v. Henrico Reg'l Jail E.*, No. 3:25CV171 (DJN), 2025 WL 3209668, at *5 (E.D. Va. Nov. 17, 2025) (dismissing similar claim).

First, although the Particularized Complaint suggests that Taylor exhibited "multiple symptoms" of COVID-19, Taylor only identifies generally feeling sick and that he lost his sense of taste and smell.  Beyond this, he identifies no COVID-specific symptoms and their accompanying severity, nor does he allege that he was at a higher-than-average risk of health complications from contracting the virus.  These allegations are insufficient to state a claim.  *See Harvey v. Mahon*, No. Civ. A. 7:02cv00829, 2004 WL 3334794, at *6 (W.D. Va. Aug. 30, 2004) (granting motion to dismiss as to claim where plaintiff "[did] not allege any specific facts concerning the symptoms or effects" of a condition he purported to suffer while incarcerated).  Second, the Particularized Complaint does not suggest that Taylor actually suffered any constitutionally significant injury because of Sgt. Lockhart's conduct.  *See Wingfield*,  2025 WL 3209668, at *5 (citing *Brown v. Wagner*, No. 8:24-cv-07076-BHH-KFM, 2024 WL 5315321, at *4 (D.S.C. Dec. 13, 2024), *R&R adopted*, 2025 WL 55043 (D.S.C. Jan. 9, 2025) (E.D. Va. Nov. 17, 2025) (dismissing similar claim).  *Cf. Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (explaining that "[a] prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution").  To the extent that Taylor seeks relief on the basis of Sergeant Lockhart's alleged threat to remove him from an institutional program (RISE), he is not entitled to such relief, as "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983."

5

*Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) (citations omitted).  Accordingly,

Taylor's claims will be DISMISSED.

## IV.  CONCLUSION

Taylor's claims will be DISMISSED.  The action will be DISMISSED.  The Clerk will be

DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

_____/s/_____

Roderick C. Young
United States District Judge

Date: <u>April 13, 2026</u>
Richmond, Virginia

6